IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KELVIN NASH, #308058          *
        Plaintiff,

                                *

        v.                          CIVIL ACTION NO.  WDQ-05-25
                                *

DOUGLAS DUNCAN, et al,
        Defendants.          *

                         ******

## MEMORANDUM

On January 4, 2005, Plaintiff, presently incarcerated at the Metropolitan Correctional Transition Center in Hagerstown, Maryland (MCTC), filed a pro se action pursuant to 42 U.S.C. §1983, seeking compensatory damages for the improper search and seizure of his vehicle which occurred in January of 2001.  Paper No. 1.

Counsel for Defendants has filed a dispositive motion, (*see* Paper No. 13), which shall be treated as a motion for summary judgment. Plaintiff has filed oppositions thereto. Paper Nos. 15 and 17. Defendants have filed a Reply and Motion to Strike Plaintiff's Response. Paper Nos. 16 and 18, respectively.   No hearing is needed to resolve the question as to whether Plaintiff is entitled to money damages in this case.  *See* Local Rule 105.6 (D. Md. 2004).

Rule 56 of the Federal Rules of Civil Procedure provides that:

[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248

(1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment *motion. Anderson*, 477 U.S. at 252.

Plaintiff was arrested on January 20, 2001, inside of an apartment in Silver Spring, Maryland. He was charged with attempted murder, burglary, assault, reckless endangerment, false imprisonment, stalking, harassment, telephone misuse, resisting arrest, malicious destruction of property and trespassing. Paper No. 13, Ex. 1. On the same date Plaintiff's vehicle was located on the parking lot of the apartment complex. The vehicle was seized until a search warrant could be obtained and executed. *Id.*, Ex. 1.

On January 27, 2001, Plaintiff's sister reported the car stolen to the Montgomery County Police Department. Paper No. 1. In August of 200,1 Officer Markon was notified by member s of the abandoned vehicle section that Plaintiff's car had been reported stolen. Office Markon was requested to remove the vehicle from the stolen vehicle data base and to supplement the stolen vehicle report. Upon investigation, Office Markon determined that Plaintiff's car had been entered into the stolen vehicle data base in error, when in fact it was not stolen, but had been seized as evidence. The vehicle was removed from the stolen vehicle data base. *Id*. In October of 2001, Plaintiff's sister was notified by Plaintiff's insurance company that Plaintiff's vehicle was in the police department's impound lot. *Id.*, Ex. 3, Paper No.

2

15, Goode Affidavit.

Plaintiff's claim is barred by the applicable statute of limitations.  While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983.  *See Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Burnett v. Grattan*, 468 U.S. 42, 45 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question.  *Cox v. Stanton*, 529 F.2d at 50.  The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury.  (*Id*.).  Here, Plaintiff knew or should have known that his car was seized and held at the county police department's impound lot, at the latest, on October 7, 2001.

On June 6, 2003, Plaintiff filed an action in detinue against Officer Markon and the Montgomery County Director of Finance alleging hat his car had been seized, searched and was the subject of unauthorized forfeiture proceedings.  Paper No. 13, Ex. 3.  In his Complaint, filed under the penalties of perjury, Plaintiff averred that:

> In October 2001, Geico left a message with Plaintiff's sister, stating that the MCP department contacted Geico with a message that said automobile was indeed on the MCP department impound lot.  On October 7, 2001 the Plaintiff's sister spoke to Officer Shaw who reported that said vehicle was entered into the file on August 10, 2001 and that the impoundment form was signed by Officer Matthew Markon....Mr. Markon is the same officer who filed charges on 1/21/01 against Plaintiff.

*Id*. Ex. 3.

Additionally, Plaintiff has attached to his opposition to Defendants' Motion for Summary Judgment

the Affidavit of his sister and attorney-in-fact Janice Nash Goode.  Ms. Goode avers that on January 27,

2001, she reported to the Montgomery County Police Department that Plaintiff's vehicle was stolen from

the parking lot at the Sheffield Manor Terrace Apartments.  She also reported the stolen vehicle to GEICO,

Plaintiff's insurance company.  Ms. Goode further avers that "During the first week of October 2001,

GEICO called to inform me that, all along, the Honda Accord had been in the custody of the Montgomery

County Police Department."  Paper No. 15, Goode Affidavit.  She further states that on October 7, 2001,

she spoke to Officer Shaw of the Montgomery County Police Department who confirmed that Officer

Markon had entered the vehicle into the files of the abandoned vehicle lot on August 10, 2001.  *Id.*

Given the foregoing, Plaintiff, at the latest, should have known of his injury on October 7, 2001,

when his attorney-in-fact, Janice Nash Goode, acting on authority granted to her by Plaintiff through the

execution of a power of attorney, spoke with employees of the Montgomery County Police Department,

and learned that the vehicle had been impounded.  Ms. Goode's knowledge of the impounding of the

vehicle is charged to Plaintiff based upon their principal–agent relationship.  *Martin Marietta Corp. v.

Gould, Inc.*, 70 F.3d 768, 771 (4th Cir. 1995) (in general, a principal is charged with his agent's

knowledge).  Because Plaintiff failed to file the instant Complaint until January 4, 2005, more than three

years after he or his agent learned that his property had been impounded,  it is clear that the statute of

limitations now bars consideration of his claim.

A separate order follows.


 June 8, 2005_____                     _____/s/_____
Date                                         William D. Quarles, Jr.
                                             United States District Judge

5